UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:18-cv-00045-MOC

| | |
|---|---|
| **LISA SHARPE WEATHERMAN,** )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>**NANCY BERRYHILL, Acting Commissioner of** )<br>**Social Security,** )<br>)<br>Defendant. ) | **ORDER OF REMAND** |

**THIS MATTER** is before the Court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

I. **Administrative History**

Plaintiff filed an application for Supplemental Insurance Benefits under Tile XVI. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

## II. Standard of Review

This Court's review of the Commissioner's determination is limited to evaluating whether the findings are supported by substantial evidence and whether the correct law was applied. Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). A reviewing court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," this Court will defer to the Commissioner's decision. Id. (internal quotation marks omitted). Thus, the only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## III. Discussion

### A. Introduction

The Court has read the transcript of plaintiff's second administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the electronically filed administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ. The undersigned finds that it is not.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

- a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

- b. An individual who does not have a "severe impairment" will not be found to be disabled;

- c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

- d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

- e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process.

### C.  The Administrative Decision

At Step One, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her protective filing date of April 3, 2012. (Tr. 17). At Step Two, the ALJ found that plaintiff had the following severe impairments: lumbar degenerative disc disease; chronic obstructive pulmonary disease; depressive disorder; anxiety and panic disorder. Id. However, at Step Three, the ALJ found that plaintiff's impairments did not meet or equal a disability listing. (Tr. 17). At Step Four, the ALJ determined that Plaintiff had

> the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 416.967(a) except the claimant should avoid concentrated exposure to hazards. The claimant is further limited to no more than occasional direct contact with customers. She

is limited to simple, routine tasks"

(Tr. 20). Based on that conclusion, the ALJ determined that plaintiff was not able to return to her past relevant work at Step 4. (Tr. 25). He further determined that transferability of job skills was not at issue since plaintiff's past relevant work was unskilled. (Tr. 25).

At Step Five, the ALJ ultimately found that plaintiff was not disabled, determining that there were jobs that existed in significant numbers in the national economy that the claimant could perform. (Tr. 26).

      D.      **Plaintiff's Assignments of Error**

            1.      **First Assignment of Error:** *Mascio*

Plaintiff's first assignment of error concerns whether the ALJ's decision meets the burden of explanation set forth in Mascio, supra. Plaintiff contends that the ALJ failed to properly account for her moderate limitations in concentration, persistence, and pace in his Residual Functional Capacity ("RFC") assessment, by simply limiting her to the performance of simple, routine work tasks.

Specifically, after finding that she had mild limitations in understanding, remembering or applying information (Tr. 18), moderate limitations with regard to concentration, persistence or pace (Tr. 19), moderate limitations in interacting with others (Tr. 19), and mild limitations in adapting or managing herself (Tr. 19), the ALJ found that plaintiff retained to ability to perform sedentary work except that she

> should avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation. The claimant should also avoid concentrated exposure to hazards. The claimant is further limited to no more than occasional direct contact with customers. She is limited to simple, routine tasks.

(Tr. 20). Plaintiff contends that the ALJ's RFC limitation to "simple, routine tasks" does not adequately address the previously found moderate limitation in concentration, persistence or pace, or explain how the ALJ accounted for her ability to stay on task. Further, plaintiff argues that other findings by the ALJ concerning limitations as to dealing with the public and limitations as to skill level of task do not account for her moderate limitations in concentration, persistence, or pace. Put another way, plaintiff contends that the ALJ's decision does not adequately account for her moderate limitations in concentration, persistence or pace, or specially discuss how the RFC accounted for her moderate limitations in concentration, persistence or pace or her ability to stay on task throughout the entire workday.

Generic findings by an ALJ that a claimant is capable of simple, routine, repetitive tasks is no longer sufficient under SSR 96-8p. As the appellate court in Mascio held,

> we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio, 780 F.3d at 638. Here, the ALJ provided no restriction beyond simple, routine tasks and occasional direct contact with customers, which appears to address plaintiff's moderate limitation in interaction with others. Also absent from the decision is an explanation of how these restrictions related to plaintiff's moderate limitations in concentration, persistence or pace and her ability to stay on task throughout the workday. The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite

contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). While the ALJ could certainly be correct that plaintiff has the ability to perform substantial gainful employment, the decision does not provide the Court with a sufficient explanation of how the ALJ reached that conclusion.

For these reasons, the Court will grant the plaintiff's Motion for Summary Judgment and remand the matter for further proceedings consistent with this decision and Mascio.

### 2. Second Assignment of Error: *Lucia*

While plaintiff's Second Assignment of Error is rendered moot by the resolution of the first, the Court believes plaintiff's concerns should be addressed as they address whether the ALJ had constitutional authority to issue a decision in the first place.

Currently, there is an issue as to whether the Social Security ALJs are lawfully presiding over claims. Well after the ALJ's decision in this matter became final, the Supreme Court determined that ALJs serving the Securities and Exchange Commission had not been lawfully appointed. Lucia v. S.E.C., __ U.S. __, 138 S.Ct. 2044 (2018). In Lucia, the Court held that because SEC ALJ's were "Officers of the United States" within meaning of Appointments Clause of the United States Constitution -- and had the sweeping powers under that provision -- they were required to be appointed in the manner prescribed by the Appointments Clause. The Court held that their appointments were, however, infirm as they were appointed by SEC staff rather than by the SEC "head of department," the President, or a court of law. Id., 138 S. Ct. at 2053.

As of yet, neither the Court of Appeals for the Fourth Circuit nor the Supreme Court has determined whether Lucia is applicable to Social Security ALJs. In the interim, the appropriate resolution to this problem appears to have been reached in the district courts of the Ninth Circuit, which have held that unless a claimant raises the issue at the ALJ or Appeals Council level, the issue is waived before the district court. Here is how they resolve it:

> In *Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during his administrative proceedings. (See AR 8, 32-63; J. Stip. at 4-9, 19-22); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (as amended) (plaintiff forfeits issues not raised before ALJ or Appeals Council).

Flood v. Berryhill, EDCV 17-0862-JPR, 2018 WL 4677446, at *3 (C.D. Cal. Sept. 27, 2018). The undersigned finds this reasoning to be persuasive.

This Court has closely read plaintiff's argument that it was impossible for her to raise the issue before the Commissioner as the decision in her case pre-dated Lucia and that even if she had, the Social Security Administration has signaled that they will not address it. What is contemplated in Flood and other district court decisions is that a claimant must first *afford* the Commissioner an opportunity to address the issue before it may be raised on appeal before a district court. Whether, as plaintiff argues, the Commissioner is likely to adequately address the issue is of no consequence as it is the pursuit of the issue before the Commissioner that a plaintiff may then appeal that decision as a final determination.

It does, however, appear that courts soon will address this issue. In a recent Social Security appeal lodged in the Middle District of Tennessee, the Acting Commissioner may have conceded

7

that the appointment of the ALJ – at least in that case – was subject to the Appointments Clause but that the ALJ was not appointed in compliance with that provision. See Davidson v. Commissioner of Social Security, 2:16-CV-00102, 2018 WL 4680327, at *1 (M.D. Tenn. Sept. 28, 2018). The resolution in Davidson was, despite those concessions (which may or may not have been improvidently made), consistent with the resolution in Flood since the issue was not raised administratively.

Thus, as to the Second Assignment of Error, this Court finds the issue not to be cognizable on appeal as plaintiff did not first raise it before the Commissioner administratively. Plaintiff will, however, be free to raise that issue on remand and then, if she again must appeal, will be able to raise that concern if she is not satisfied with the Commissioner's final determination of that issue.

E.   **Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is not supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiff's Motion for Summary Judgment (#14) is **GRANTED**; the Commissioner's Motion for Summary Judgment (#16) is **DENIED**; and the decision of the Commissioner, denying the relief sought by plaintiff, is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.

Signed: December 7, 2018

Max O. Cogburn Jr
United States District Judge